IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM DALE RUSS,

        Plaintiff,                   No. CIV S-11-0214 WBS GGH P

    vs.

McDONALD, Warden,

        Defendant.               FINDINGS & RECOMMENDATIONS

                                 /

        On September 6, 2011, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not opposed the motion.

        Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On June 6, 2011, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

        Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion.

        In the alternative, the court has reviewed the motion and finds that it has merit. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The current complaint reads that defendant "creates a policy of discrimination" which "encourages a campaign of callousness to violate plaintiff's 5th and 8th Amendment rights...." See Doc. No. 1, p. 3. However, plaintiff has not offered any additional information in support of his bare allegations, and so plaintiff has failed to establish that any act or policy directly attributable to defendant plausibly caused plaintiff's alleged constitutional deprivation. See Ashcroft v. Iqbal, 129 S. Ct. at 1950-51; see also Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1983) (district court properly dismissed discrimination complaint where complaint was devoid of specific factual allegations showing defendants' participation in allegedly discriminatory practice).

In addition, the entire action may be moot. As relief, plaintiff asked the court to order defendant to transfer plaintiff to lower altitude climate. See Doc. No. 1, p. 3. The motion to dismiss reads that "[plaintiff]'s prison records indicate that [plaintiff] was transferred from High Desert State Prison to California Substance Abuse Treatment Facility and State Prison at Corcoran." See Doc. No. 20, p. 7, n.2.

IT IS HEREBY RECOMMENDED that:

1. Defendant's September 6, 2011 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: November 29, 2011

4                                         /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

6  GGH:rb
   russ0214.46.ggh2